**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ——————————————— | ) | |
| AMERICAN FOREIGN SERVICE | ) | |
| ASSOCIATION, et al., | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 1:25-cv-1030-PLF |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |
| ——————————————— | ) | |

<u>**DECLARATION OF NEERA A. PARIKH**</u>

I, Neera A. Parikh, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.     I am a Senior Attorney Advisor with the American Foreign Service Association (AFSA).  I have worked in the Office of the General Counsel (OGC) for 25 years.

2.     I counsel and represent AFSA members on numerous legal issues under the Foreign Service Act, the Foreign Affairs Manual (FAM) and other laws and regulations. My work includes advising members on their grievance rights, representing members at Diplomatic Security, Office of Inspector General and Office of Civil Rights investigations, and assisting members with administrative processes including grievances, disciplinary actions, security clearance matters, Equal Employment Opportunity (EEO) matters, and other issues.

3.      The AFSA OGC office typically handles 500 grievances a year, with 90% of those being from State Department Foreign Service employees. These numbers are strictly related to grievance work and do not include the high volume of investigations, EEO complaints, security clearance matters and member counseling that we undertake.

4.      Since January 2025, USAID employees have already filed approximately 150 grievances on various employment related violations, most of which relate to actions in connection with the current administration's efforts to dismantle USAID. In addition to its normal high-volume caseload, AFSA OGC is currently handling an unprecedented number of grievances from USAID.

5.      Following issuance of the Executive Order (EO) stripping AFSA of its right to represent Foreign Service employees at State and USAID, members have been reaching out to AFSA OGC staff fearful that they will no longer be represented by AFSA in pending cases.  We have received several inquiries from members who are worried that AFSA will no longer be able to represent them and concerned about the costs of retaining private counsel.  Members have expressed the anxiety and distress of having to navigate administrative processes without the expertise of AFSA's OGC staff.

6.      The first step of the grievance process is filing a grievance with the agency. Grievance appeals then go to the Foreign Service Grievance Board (FSGB). On April 2, 2025, the FSGB informed AFSA that, based on the Executive Order, it no longer considered AFSA the exclusive representative of Foreign Service employees at the Department of State and USAID and that it would amend its Policies and Procedures to remove a requirement to include AFSA on pleadings involving those agencies. Prior to the EO, FSGB's Policies and Procedures required parties to copy AFSA and agency

representatives on all filings, even when employees filed grievance appeals directly with FSGB or through privately retained counsel. A true and correct copy of excerpts of the previous FSGB Policies and Procedures is attached as Exhibit 1 to this Declaration. Now, AFSA will not receive notice of its members' grievances unless the members request AFSA's assistance with those grievances.

7.      The FSGB sent emails to grievants being represented by AFSA stating the new policy. This caused significant confusion and panic, as members reached out to OGC stating that they were unsure if AFSA could still represent them because of the emails.

8.      In addition, AFSA's General Counsel previously received a copy of all FSGB Orders and Decisions at the same time that the grievants and their outside counsel (if any) received the Orders and Decisions. If AFSA is unaware of a grievance, AFSA cannot intervene in cases that are of institutional importance to AFSA, ensure consistent administration of its collective bargaining agreements, or take other action to challenge the agencies' actions.

Executed on April 14, 2025

_Neera Parikh_  4/14/2025

Neera A. Parikh

# EXHIBIT

# 1

**FOREIGN SERVICE GRIEVANCE BOARD
POLICIES AND PROCEDURES
February 6, 2023**

## Contents

**1. GENERAL RULES OF PRACTICE** .................................................................1

1.1. The Nature of Board Proceedings ................................................ 1

1.2. Mandatory Nature of Policies and Procedures ............................. 1

1.3. Settlement/Mediation ................................................................. 1

1.4. Method of Filing with the Board ................................................. 2

1.5. Format, Length and Contents of Filings ...................................... 2

1.6. Requirement of Service Upon All Parties ..................................... 3

1.7. *Ex Parte* Communications ......................................................... 3

1.8. Calculating Time Periods ............................................................ 3

1.9. Individualized Filing Schedules ................................................... 4

1.10. Evidence and Discovery ............................................................ 4

1.11. Incomplete Filings .................................................................... 5

1.12. Sensitive Information ................................................................ 5

1.13. Duplicative Information ............................................................ 5

1.14. Contents of the Record of Proceedings ..................................... 5

1.15. Closing the Record of Proceedings ............................................ 6

1.16. Issuance of Decisions ............................................................... 6

**2. TYPES OF BOARD CASES AND ASSOCIATED BURDENS OF PROOF** .....................6

2.1. Appeals of Agency-Level Grievances ........................................... 6

2.2. Separations for Cause ................................................................ 6

2.3. Implementation Disputes/Institutional Disputes ........................ 7

2.4. Annuity Overpayment Appeals .................................................... 7

2.5. Pension and Disability Retirement Determination and/or Computation Appeals .................................................................................. 7

**3. PROCEDURES IN GRIEVANCE APPEALS DECIDED ON THE WRITTEN RECORD** ....8

3.1. Grievance Appeal Submission ..................................................... 8

3.2. Grievant's Discovery Period ........................................................ 9

3.3. Grievant's Supplemental Submission .......................................... 9

3.4. Agency's Discovery Period .......................................................... 9

3.5. Agency's Response ..................................................................... 9

3.6. Grievant's Rebuttal .................................................................. 10

pendency of mediation, except for any dates scheduled for hearings or prehearing conferences.

       1.4. Method of Filing with the Board

Unless otherwise permitted by the Board's Executive Secretary, all filings must be made by email. Initial filings must be emailed to FSGB@state.gov, copying the agency representatives and the American Foreign Service Association (AFSA) in the same message.  *See* Section 1.6,. Requirement of Service Upon All Parties.

       1.5. Format, Length and Contents of Filings

Each filing (Grievance Appeal Submission, Supplemental Submission, agency's Response, Rebuttal, Motion, Opposition, Reply, etc.) must be on 8.5x11-inch pages with one-inch margins on all sides.  Calibri 14-point font is recommended for legibility. Unless a different page limit is provided in these Policies and Procedures any filing in 14-point font is limited to 70 double-spaced or 35 single-spaced pages, and any filing in 12-point font is limited to 50 double-spaced or 25 single-spaced pages. The filing party may attach to the submission copies of any documentary evidence (not argument) that supports the position(s) stated in the filing. The attachments must be properly identified (*e.g.*, Attachment or Exhibit A, B, C, or 1, 2, 3) and documents must be in Microsoft Word or .pdf format.  Parties must ensure that any documents in .pdf format are of sufficient quality to be easily read. The pages of each filing must be numbered, provided that attachments and exhibits need not have page numbers if the filing includes an index of attachments and exhibits, as well as a divider page preceding each attachment or exhibit bearing the attachment or exhibit letter or number. Attachments may also be provided as separate, properly identified documents. If a party wishes to file a non-document exhibit, such as a video or audio recording, that party must contact the Board's Executive Secretary for instructions on how to file the exhibit.

The Board may reject any filing all or part of which it determines to be illegible or that otherwise fails to comply with these Policies and Procedures. The filing party will have ten days to file a replacement, and any timeline that begins with the filing will begin with the replacement filing. If the replacement filing is illegible or otherwise fails to comply with these Policies and Procedures, the filing party will not be permitted to make a further replacement unless approved in advance by the Board for exceptional cause shown by a motion

filed pursuant to Section 7., <u>Motions</u>. A party that wishes to make a filing that exceeds the page limitations specified herein, or that otherwise does not comply with these Policies and Procedures, must file a motion pursuant to Section 7., <u>Motions</u>, seeking prior approval of the Board to vary from these procedures. The deadline for the filing will be tolled pending the Board's ruling on the motion. Non-compliant filings will not be included in the Record of Proceedings.

### 1.6. <u>Requirement of Service Upon All Parties</u>

A party filing any document with the Board must simultaneously email a copy to all other parties and to the AFSA, unless provided otherwise by the Board.

### 1.7. <u>*Ex Parte* Communications</u>

Oral or written communications between the Board or its staff and an interested party to a proceeding which are made without providing the other parties a chance to participate ("*ex parte"* communications) are prohibited. Any communication made in contravention of this section shall be made a part of the Record of Proceedings and an opportunity for response allowed for any party wishing to file a response. If the communication was oral, a memorandum stating the substance of the discussion shall be placed in the Record of Proceedings. This section does not apply to communications concerning such matters as the status of a case, the methods for transmitting evidence to the Board, and other procedural matters which do not concern the merits of any matter before the Board for adjudication.

### 1.8. <u>Calculating Time Periods</u>

The effective date of any filing with the Board is the date of its electronic transmission to the Board. If the effective date of filing falls on a Saturday, Sunday, or federal holiday, the next business day will be considered the effective date of filing. Filings will be considered timely if transmitted before midnight, Eastern Time, on the date a filing is due. The Board may extend or waive time limits at its discretion in individual cases. *See* Section 7.5.2., <u>Motions for Extension of Time</u>. As used in these Policies and Procedures, the term "days" refers to calendar days, unless otherwise indicated. In computing any period of time prescribed by these policies, the day of the act from which the designated period of time begins to run shall not be included. For example, if a motion is filed on