UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:25-cv-1030-PLF |
| v. | ) ) ) | |
| DONALD J. TRUMP, et al., | ) ) ) | |
| Defendants. | ) ) | |

## DECLARATION OF SHARON L. PAPP

I, Sharon L. Papp, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am the General Counsel of the American Foreign Service Association ("AFSA"). I have held this role since 1992.

2. On April 1, 2025, the Executive Secretary of the Foreign Service Grievance Board (FSGB) sent me and the Director of the Department of State Grievance Staff an email regarding changes to the FSGB Policies and Procedures in light of the March 27, 2025 Executive Order, "Exclusions from Federal Labor-Management Relations Programs." The Executive Secretary sent us a follow-up email on the same subject on April 2, 2025. Attached as Exhibit 1 to this Declaration is a true and correct copy of these two emails, along with a true and correct copy of excerpts of the amended FSGB Policies and Procedures, which I received as an attachment to the April 1 email.

3. On April 5, 2025, I was copied on a series of identical emails from the three Special Assistants to the FSGB to grievants (or their attorneys, if they were represented by private counsel) who had appeals pending before the FSGB. These emails discussed the Executive Order and the

1

resulting changes in FSGB procedures. A true and correct copy of a sample email that I received from one of the special assistants is attached as Exhibit 2 to this Declaration; the email has been redacted to remove the grievant's identifying information and the case number.

4. Attached as Exhibit 3 to this Declaration is a letter dated June 17, 1981, addressed to the then-President of AFSA from the then-Director of the Office of Employee Relations in the Department of State. This letter was filed in AFSA's hard-copy files in AFSA's office at State; specifically, it was located in files containing historical documents relating to AFSA's role as the exclusive representative at State. AFSA maintains a practice of storing such files in the regular course of its business.

Executed on April 7, 2025

*Sharon L. Papp*

Sharon L. Papp

# EXHIBIT 1

**From:** Aversa, Martin J
**To:** Creekman, Daniel M; Papp, Sharon; Sharon Papp
**Cc:** Carron, Charles M; Moore, Wendela C
**Subject:** Update FW: [EXTERNAL]FSGB - Impact of 3/27/2025 Executive Order - Revisions to Policies and Procedures
**Date:** Wednesday, April 2, 2025 10:54:17 AM

Sharon and Dan,

On further review, we have determined that the word "legal" is inapplicable here and will not include it when we notify the parties.

In addition, we want to clarify that the Board considers the March 27, 2025, Executive order to exclude AFSA as exclusive representative of only State and USAID foreign service bargaining unit members; it remains the exclusive representative for FCS, FAS (including APHIS), USAGM and (in limited applicable circumstances) Peace Corps. Therefore, AFSA only need notify those agencies (State and USAID) and the Board if it is providing representation to an employee.

Thanks,
Marty

**Martin J. Aversa**
Executive Secretary
Foreign Service Grievance Board
AversaMJ@state.gov
Cell Phone: 571-494-0332

**From:** Sharon Papp <papp@afsa.org>
**Sent:** Tuesday, April 1, 2025 5:24 PM
**To:** Aversa, Martin J <AversaMJ@state.gov>; Creekman, Daniel M <CreekmanDM@state.gov>; Papp, Sharon <papps@state.gov>
**Cc:** Carron, Charles M <CarronCM@state.gov>; Moore, Wendela C <MooreWC@state.gov>
**Subject:** Re: [EXTERNAL]FSGB - Impact of 3/27/2025 Executive Order - Revisions to Policies and Procedures

Thank you for letting us know Marty.

Get Outlook for iOS

From: Aversa, Martin J <AversaMJ@state.gov>
Sent: Tuesday, April 1, 2025 5:18:42 PM
To: Creekman, Daniel M <CreekmanDM@state.gov>; Sharon Papp-Contact <papps@state.gov>; Sharon Papp <papp@afsa.org>
Cc: Carron, Charles M <CarronCM@state.gov>; Moore, Wendela C <MooreWC@state.gov>
Subject: [EXTERNAL]FSGB - Impact of 3/27/2025 Executive Order - Revisions to Policies and Procedures

Dan and Sharon,

Pursuant to the Executive Order "Exclusions from Federal Labor-Management Relations Programs" issued March 27, 2025, we have amended (effective tomorrow) Sections 1.4 and 1.6 of our Policies and Procedures (copy attached) to replace the AFSA references with the phrase "the employee's collective bargaining representative, if any."  We will notify parties and their legal representatives of this change and the list of agencies/subdivisions subject to the exclusion in the Executive Order.  If the Executive Order should be revised or enjoined, we will notify parties and their legal representatives of the lifting of the exclusion and the need to resume copying AFSA on filings.  If AFSA is providing legal representation to an employee, AFSA should notify the agency and the Board so that AFSA will receive filings in that capacity.

If you have any questions, please do not hesitate to contact me.

[DAN – could you please share this message with your counterparts at the other foreign affairs agencies?]

Thank you,
Marty
**Martin J. Aversa**
Executive Secretary
Foreign Service Grievance Board
AversaMJ@state.gov
*Cell Phone:*  571-494-0332

# FOREIGN SERVICE GRIEVANCE BOARD
# POLICIES AND PROCEDURES
# April 2, 2025

**Contents**

1. GENERAL RULES OF PRACTICE ..................................................................................1

   1.1. The Nature of Board Proceedings ................................................................. 1
   1.2. Mandatory Nature of Policies and Procedures............................................. 1
   1.3. Settlement/Mediation ................................................................................... 1
   1.4. Method of Filing with the Board ................................................................... 2
   1.5. Format, Length and Contents of Filings........................................................ 2
   1.6. Requirement of Service Upon All Parties...................................................... 3
   1.7. *Ex Parte* Communications ............................................................................. 3
   1.8. Calculating Time Periods ............................................................................... 3
   1.9. Individualized Filing Schedules ..................................................................... 4
   1.10. Evidence and Discovery............................................................................... 4
   1.11. Incomplete Filings ....................................................................................... 5
   1.12. Sensitive Information.................................................................................. 5
   1.13. Duplicative Information .............................................................................. 5
   1.14. Contents of the Record of Proceedings...................................................... 5
   1.15. Closing the Record of Proceedings ............................................................. 6
   1.16. Issuance of Decisions .................................................................................. 6

2. TYPES OF BOARD CASES AND ASSOCIATED BURDENS OF PROOF......................6

   2.1. Appeals of Agency-Level Grievances ............................................................ 6
   2.2. Separations for Cause ................................................................................... 6
   2.3. Implementation Disputes/Institutional Disputes......................................... 7
   2.4. Annuity Overpayment Appeals ..................................................................... 7
   2.5. Pension and Disability Retirement Determination and/or Computation Appeals ................................................................................................................. 7

3. PROCEDURES IN GRIEVANCE APPEALS DECIDED ON THE WRITTEN RECORD....8

   3.1. Grievance Appeal Submission ...................................................................... 8
   3.2. Grievant's Discovery Period ......................................................................... 9
   3.3. Grievant's Supplemental Submission .......................................................... 9
   3.4. Agency's Discovery Period ........................................................................... 9
   3.5. Agency's Response........................................................................................ 9
   3.6. Grievant's Rebuttal ..................................................................................... 10

pendency of mediation, except for any dates scheduled for hearings or prehearing conferences.

### 1.4. Method of Filing with the Board

Unless otherwise permitted by the Board's Executive Secretary, all filings must be made by email. Initial filings must be emailed to FSGB@state.gov, copying the agency representatives and the employee's exclusive collective bargaining representative, if any, in the same message.  *See* Section 1.6,. Requirement of Service Upon All Parties.

### 1.5. Format, Length and Contents of Filings

Each filing (Grievance Appeal Submission, Supplemental Submission, agency's Response, Rebuttal, Motion, Opposition, Reply, etc.) must be on 8.5x11-inch pages with one-inch margins on all sides.  Calibri 14-point font is recommended for legibility. Unless a different page limit is provided in these Policies and Procedures any filing in 14-point font is limited to 70 double-spaced or 35 single-spaced pages, and any filing in 12-point font is limited to 50 double-spaced or 25 single-spaced pages. The filing party may attach to the submission copies of any documentary evidence (not argument) that supports the position(s) stated in the filing. The attachments must be properly identified (*e.g.*, Attachment or Exhibit A, B, C, or 1, 2, 3) and documents must be in Microsoft Word or .pdf format.  Parties must ensure that any documents in .pdf format are of sufficient quality to be easily read. The pages of each filing must be numbered, provided that attachments and exhibits need not have page numbers if the filing includes an index of attachments and exhibits, as well as a divider page preceding each attachment or exhibit bearing the attachment or exhibit letter or number. Attachments may also be provided as separate, properly identified documents. If a party wishes to file a non-document exhibit, such as a video or audio recording, that party must contact the Board's Executive Secretary for instructions on how to file the exhibit.

The Board may reject any filing all or part of which it determines to be illegible or that otherwise fails to comply with these Policies and Procedures. The filing party will have ten days to file a replacement, and any timeline that begins with the filing will begin with the replacement filing. If the replacement filing is illegible or otherwise fails to comply with these Policies and Procedures, the filing party will not be permitted to make a further replacement unless

approved in advance by the Board for exceptional cause shown by a motion filed pursuant to Section 7., Motions. A party that wishes to make a filing that exceeds the page limitations specified herein, or that otherwise does not comply with these Policies and Procedures, must file a motion pursuant to Section 7., Motions, seeking prior approval of the Board to vary from these procedures. The deadline for the filing will be tolled pending the Board's ruling on the motion. Non-compliant filings will not be included in the Record of Proceedings.

### 1.6. Requirement of Service Upon All Parties

A party filing any document with the Board must simultaneously email a copy to all other parties and to the employee's exclusive collective bargaining representative, if any, unless provided otherwise by the Board.

### 1.7. *Ex Parte* Communications

Oral or written communications between the Board or its staff and an interested party to a proceeding which are made without providing the other parties a chance to participate ("*ex parte*" communications) are prohibited. Any communication made in contravention of this section shall be made a part of the Record of Proceedings and an opportunity for response allowed for any party wishing to file a response. If the communication was oral, a memorandum stating the substance of the discussion shall be placed in the Record of Proceedings. This section does not apply to communications concerning such matters as the status of a case, the methods for transmitting evidence to the Board, and other procedural matters which do not concern the merits of any matter before the Board for adjudication.

### 1.8. Calculating Time Periods

The effective date of any filing with the Board is the date of its electronic transmission to the Board. If the effective date of filing falls on a Saturday, Sunday, or federal holiday, the next business day will be considered the effective date of filing. Filings will be considered timely if transmitted before midnight, Eastern Time, on the date a filing is due. The Board may extend or waive time limits at its discretion in individual cases. *See* Section 7.5.2., Motions for Extension of Time. As used in these Policies and Procedures, the term "days" refers to calendar days, unless otherwise indicated. In computing any period of time

# EXHIBIT 2

| | |
|---|---|
| **From:** | Chen, Hunter B |
| **To:** | ███████; Roane, Akia F; Papp, Sharon; Sharon Papp |
| **Cc:** | Creekman, Daniel M; Foreign Service Grievance Board; Aversa, Martin J |
| **Subject:** | [EXTERNAL]FSGB ███████: Notice of Revision to Policies and Procedures re Exclusive Representation |
| **Date:** | Friday, April 4, 2025 1:55:13 PM |
| **Attachments:** | FSGB Policies and Procedures (April 2, 2025 Edition).pdf<br>Exclusions from Federal Labor-Management Relations Programs.pdf |

Dear parties,

Executive Order "Exclusions from Federal Labor-Management Relations Programs," issued March 27, 2025 (copy attached), made significant changes to the bargaining unit status of Foreign Service employees, and to the status of the American Foreign Service Association (AFSA) as the exclusive representative for Foreign Service bargaining units. For this reason, the Board has revised Sections 1.4 and 1.6 of its Policies and Procedures (copy attached) to remove specific reference to AFSA and use the following language in its place: "the employee's exclusive collective bargaining representative, if any."

Grievant in this case is an employee of the U.S. Department of State, which the Executive Order expressly excludes from Subchapter X of Chapter 52 of title 22, United States Code. Therefore, grievant is not a bargaining unit employee, and 22 C.F.R. § 903.5 does not require the parties to copy AFSA on correspondence and documents related to this case.

However, the Foreign Service Act of 1980 grants parties in FSGB cases "the right to a representative of [their] own choosing at every stage of" the Foreign Service grievance process. 22 U.S.C. § 4133(b)(1). A representative must be "identified in writing to the Board as assisting the party . . . in the presentation of the case." 22 C.F.R. § 901.22. Once identified in writing, a party "may act through its duly designated representative." 22 C.F.R. § 901.20.

We note that in grievant's original attempt to file an appeal on February 28, 2025, no other parties were included, and in the March 3 submission, only AFSA's general email address, afsa@afsa.org, is listed. We are not clear, therefore, whether grievant listed AFSA simply to comply with the P&P in effect at the time or grievant was designating AFSA as a representative. <u>If the latter, we ask grievant to please reply to all on this message to identify</u>

representative(s) of AFSA assisting with this appeal.

The Board will notify the parties and representatives if there are any further developments with regard to this or related issues.

Regards,

Hunter

Hunter B. Chen
Special Assistant
Foreign Service Grievance Board
Room 3100, SA-15
chenhb@state.gov


SENSITIVE BUT UNCLASSIFIED

# EXHIBIT 3

NOT FOR DISTRIBUTION

DEPARTMENT OF STATE

Washington, D.C. 20520

June 17, 1981

Ms. Anthea S. de Rouville
President
American Foreign Service Association
Department of State

Dear Ms. de Rouville:

Enclosed is a proposed list of management officials, confidential employees and others to be excluded from the bargaining unit under the provisions of 1002 and 1012 of the Foreign Service Act of 1980.

Although section 1003 (b) of the Act provides that the President may exclude any subdivisions of the Department from coverage under Chapter 10, management has decided such a Presidential action would be unnecessary in implementing the Act. We believe that the definitions of the Act are clear enough that the nature of the bargaining unit can be defined through the unit clarification procedures of part 1422.2(c) of the <u>Interim Rules</u> of the FSLRB. Such a course of action, however, naturally does not preclude the President's exercising section 1003 (b) authority at a future time if required.

I would hope that management and the Exclusive Representative could reach agreement on this list in a short period of time so we may submit it together to the FSLRB and ask them to rectify it.

We look forward to receiving your comments and proposals on the list, if any.

Sincerely,

John A. Collins, Director
Office of Employee Relations

Enclosure:
  List of Management Officials