**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN FOREIGN SERVICE ASSOCIATION, | ) <br> ) <br> ) <br> ) |
| *Plaintiff,* | ) Civil Action No. 25-cv-1030-PLF <br> ) |
| v. | ) <br> ) |
| DONALD TRUMP, et al., | ) <br> ) |
| *Defendants.* | ) <br> ) <br> ) |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____ 2025, upon consideration of the Plaintiff's motion for a preliminary injunction, the memorandum and evidence in support thereof, and the Defendant's response thereto, the Court hereby finds as follows:

1. Plaintiff American Foreign Service Association ("AFSA") challenges Defendant Donald J. Trump's issuance of Executive Order entitled *Exclusions from Federal Labor-Management Relations Programs*, Exec. Order No. 14,251, 90 Fed. Reg. 14553 (Mar. 27, 2025) ("Executive Order"), which purports to exclude the entirety of the Foreign Service that works for Defendants Department of State ("State") and U.S. Agency of International Development ("USAID") from the coverage of Subchapter X of Chapter 52 of the Foreign Service Act of 1980;

2. Plaintiff AFSA further challenges the *Guidance on Executive Order Exclusions from Federal Labor-Management Programs* ("Guidance") issued by Defendants Office of Personnel Management ("OPM") and its Acting Director, Charles Ezell;

1

3.    Plaintiff AFSA further challenges the actions taken by Defendants State and USAID, through Defendant Secretary of State and Acting USAID Administrator Marco Rubio in furtherance of the Executive Order and Guidance;

4.    Plaintiff AFSA is likely to succeed on its challenges to Defendant Trump's Executive Order as *ultra vires* action and as retaliation against AFSA for the exercise of the Plaintiff's First Amendment rights of free speech and to petition the government, and, therefore, the subsequent guidance and actions taking by the other Defendants are unlawful;

5.    Without a preliminary injunction, the Plaintiff and its membership will suffer irreparable injuries, including but not limited to the loss of the ability to bargain collectively while this case is heard on the merits and the infringement of the Plaintiff's First Amendment rights of free speech and to petition the government;

6.    The balance of the equities and public interest support a preliminary injunction, which would require Defendants to comply with the Foreign Service Labor-Management Relations Statute, 22 U.S.C. §§ 4101, *et seq*, in which Congress has already determined that the rights to organize and bargain collectively in the Foreign Service to be in the public interest.

It is **HEREBY ORDERED** that the Plaintiff's Motion is **GRANTED** as follows:

1.    With the exception of Defendant Trump, all other Defendants, their officers, agents, servants, employees and attorneys and all persons who are in active concert or participation with them are **ENJOINED**, pursuant to Fed. R. Civ. P. 65(a), from implementing, enforcing, or otherwise giving effect to Sections 1(b), 3 and 6 of the Executive Order 14251 including, without limitation by:

A.     Refusing to recognize and bargain with Plaintiff AFSA as the certified exclusive bargaining representative of bargaining unit employees at Defendants State and USAID;

B.     Terminating, suspending, or otherwise treating as ineffective collective bargaining agreements, framework agreements, memoranda of agreement or any other agreement with AFSA in effect prior to the issuance of the Executive Order;

C.     Suspending or terminating voluntary payroll dues deductions for union members or refusing to process dues deduction requests pursuant to 22 U.S.C. § 4118(a);

D.     Eliminating or refusing to provide official time as provided by the Foreign Service Labor-Management Relations Statute, collective bargaining agreements and/or framework agreements;

E.     Denying Plaintiff the use of office space, equipment, telephones, bulletin boards, registered mail and e-mail as provided in collective bargaining agreements or framework agreements;

F.     Refusing to participate in proceedings before the Office of the General Counsel of the Federal Labor Relations Authority or the Foreign Service Labor Relations Board or the Foreign Service Grievance Board;

G.     Terminating or otherwise refusing to participate in grievance and arbitration procedures set forth in collective bargaining agreements that were in effect prior to the Executive Order's issuance.

2.      All Defendants are directed to rescind any and all guidance or direction that has already issued that relates to implementing or enforcing the Executive Order, including the March 27 Memorandum from Charles Ezell to Heads and Acting Heads of Departments and Agencies entitled "Guidance on Executive Order Exclusions from Federal Labor-Management Programs.

3.      All Defendants shall provide written notice of this Order to all bargaining unit employees represented by AFSA in the Department of State and the USAID who have been affected by the Executive Order.

4.      All Defendants shall file a status report within twenty-four (24) hours of the issuance of this Order, and, every two weeks thereafter for twelve (12) weeks, confirming compliance with this order.

5.      This Preliminary Injunction is granted without condition that a bond be filed by Plaintiff in view of the Court's determination that no economic or other injury would result to any Defendant or the public generally in consequence of the issuance of this Order.

6.      This Preliminary Injunction shall remain in full force and effect until the final judgment in this action or until further order of the Court, whichever occurs first.

**SO ORDERED.**

Dated: _____        _____
                               HONORABLE PAUL L. FRIEDMAN
                               UNITED STATES DISTRICT JUDGE

## NAMES OF PERSONS TO BE SERVED WITH
## PROPOSED ORDER UPON ENTRY

In accordance with Local Civil Rule 7(k), below are the names and addresses of persons

entitled to be notified of entry of the above proposed order:

DONALD J. TRUMP,
in his official capacity as
President of the United States
1600 Pennsylvania Avenue, NW
Washington, DC 20500,

OFFICE OF PERSONNEL MANAGEMENT,
1900 E Street, NW
Washington, D.C.  20415,

U.S. DEPARTMENT OF STATE,
2201 C Street, NW
Washington, D.C. 20520

U.S. AGENCY FOR INTERNATIONAL
DEVELOPMENT,
2201 C Street, NW
Washington, D.C. 20520

MARCO RUBIO,
in his official capacity as Secretary of State and
Acting Administrator,
United States Agency for
International Development
2201 C Street NW
Washington, D.C. 20520

CHARLES EZELL,
in his official capacity as
Acting Director,
Office of Personnel Management,
1900 E Street, NW
Washington, D.C.  20415

EDWARD R. MARTIN, JR.
United States Attorney for the District of Columbia
c/o Civil Process Clerk
601 D Street, NW
Washington, D.C. 20530

PAMELA BONDI
Attorney General of the United Sates
c/o Assistant Attorney General for Administration, Justice Management Division
950 Pennsylvania Avenue, NW, Room 1111
Washington, D.C. 20530

RICHARD J. HIRN
5335 Wisconsin Avenue, NW, Suite 440
Washington, D.C. 20015

KEITH R. BOLEK
APRIL H. PULLIUM
O'Donoghue & O'Donoghue LLP
5301 Wisconsin Avenue, NW, Suite 800
Washington, D.C. 20015

SHARON L. PAPP
RAEKA SAFAI
American Foreign Service Association
2101 E Street, NW
Washington, D.C. 20037